## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Rena Lakina Kennedy,

    Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 10-338(3) ADM/JSM
Civil No. 12-1355 ADM

_____

Thomas M. Hollenhorst, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Rena Lakina Kennedy, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Rena Lakina Kennedy's 28 U.S.C. § 2255 Pro Se Motion to Vacate, Set Aside, or Correct Sentence [Docket No. 207] ("Section 2255 Motion"). For the reasons below, Kennedy's motion is denied.

## II. BACKGROUND

In December 2010, Kennedy and three co-defendants were indicted for conspiracy to distribute cocaine base. Indictment [Docket No. 1]. On March 21, 2011, Kennedy pled guilty to Count 1 of the indictment, conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. Plea Agreement [Docket No. 121]. In the plea agreement, Kennedy admitted to being responsible for having conspired to distribute at least 840 grams of cocaine base. Kennedy also agreed she was subject

to the mandatory minimum sentence of 10 years imprisonment.  Id. at ¶¶ 4.a and 6.a.  Kennedy was sentenced on July 19, 2011 to the 10 year minimum term.  Sentencing Judgment [Docket No. 163].

On December 20, 2011, Kennedy filed a Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Docket No. 184], which was denied by Order dated December 30, 2011.  United States v. Kennedy, No. 10-338(3), 2011 WL 6888694, at *1-2 (D. Minn. Dec. 30, 2011).

On February 17, 2012, Kennedy filed a Notice of Appeal to the Eighth Circuit concerning the denial of her motion under Section 3582(c)(2) [Docket No. 190].  On June 6, 2012, Kennedy filed this Section 2255 Motion alleging ineffective assistance of counsel [Docket No. 207].  On July 13, 2012, this Court stayed all matters relating to Kennedy's Section 2255 Motion, until the Eighth Circuit Court of Appeals ruled on Kennedy's pending appeal [Docket No. 226].  On January 2, 2013, the Eighth Circuit affirmed this court's decision.  United States v. Kennedy, No. 12-1449, 2013 WL 11894, at *1 (8th Cir. Dec. 18, 2012).  The Eighth Circuit subsequently issued its mandate on January 23, 2013 [Docket No. 245], making Kennedy's Section 2255 Motion now ripe for review.

Kennedy's Section 2255 Motion, filed on June 6, 2012, alleges four grounds for ineffective assistance of counsel.  Kennedy's memorandum of fact and law in support of the Section 2255 Motion, filed on June 11, 2012 contained an additional six grounds.  The government has addressed all ten grounds in their response in opposition to defendant's Section 2255 Motion, and the court will address each in turn.

## III. DISCUSSION

### A. Standard of Review

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of the sentence prescribed by the court. See United States v. Addonizio, 442 U.S. 178, 185 (1979). A § 2255 motion can be dismissed without a hearing if: (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998); Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Here, the record conclusively shows Kennedy is not entitled to relief on her claims.

### B. Ineffective Assistance of Counsel

Establishing a § 2255 claim of ineffective assistance of counsel is a "heavy burden" upon the movant. See United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To meet this burden, a movant must show (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Judicial review of defense counsel's performance is "highly deferential," and is not used to second-guess a counsel's performance in hindsight. Id. at 689. To lessen this tendency to assess performance with the benefit of knowing the ultimate outcome, the adequacy of counsel is determined from the "counsel's perspective at the time investigative decisions are made, and by giving a heavy measure of deference to counsel's judgments." Rompilla v. Beard, 545 U.S. 374, 381 (2005) (citing Strickland, 466 U.S. at 689, 691) (internal quotation omitted).

When a defendant contemporaneously makes statements at her change-of-plea asserting her counsel was effective, those statements are strongly presumed to be true, and a later claim of ineffective assistance of counsel "is flatly contradicted" and belied by those prior in-court statements. Nguyen v. United States, 114 F.3d 699, 704 (8th Cir. 1997). Here, at her change of plea hearing, Kennedy answered "Yes" when the Court asked her if she was "satisfied with her [attorney's] representation of [her]." Change of Plea Hr'g Tr. [Docket No. 215] 5:25–6:1. Also during that hearing, the court asked Kennedy if she "had enough time to talk to [her] lawyer," to which Kennedy replied "Yes." Id. at 5:23–25. Despite testifying at her plea hearing that she was satisfied with her attorney's service, Kennedy now raises ten grounds for ineffective assistance of counsel.

**1. Failure to File a Notice of Appeal as Requested**

First, Kennedy argues her attorney failed to file a "Notice of Appeal." However, Kennedy agreed to waive her right to appeal the sentence in her plea agreement. Plea Agreement ¶ 10. In addition, any appeal usually must be made within fourteen days after entry

4

of judgment. Id. Kennedy sent a letter to her attorney requesting an appeal on August 30, 2011, several weeks after it would have been timely.

### 2. Failure to Challenge the Drug Quantity and Purity

Second, Kennedy argues her attorney failed to challenge the government's evidence of drug quantity and purity. Kennedy admitted in her plea agreement and at the plea hearing that she was responsible for between 840 and 2,800 grams of cocaine base. Plea Agreement ¶¶ 2, 6; Change of Plea Hr'g Tr. 24:2–24:19. Drug purity is not a factor here.

### 3. Failure to Require the Government to Establish the Scientific Basis for Determining the Presence of Cocaine Base.

Third, Kennedy argues her attorney failed to force the government to establish a scientific identification or expert analysis of the cocaine. The government cites discovery materials it provided that include several laboratory reports establishing that the drug samples were analyzed to be cocaine base. Additionally, portions were included in the Pre-Sentencing Report ("PSR"). ¶ 16. Kennedy's attorney had no obligation to further investigate these reports after Kennedy entered her guilty plea.

### 4. Underestimation of the Guideline Range

Fourth, Kennedy argues her attorney underestimated the applicable sentencing range resulting in deficient performance that prejudiced the defendant. Kennedy was notified of the applicable guideline range in the plea agreement and at the plea hearing, and did not make any representations that her counsel had informed her incorrectly on this point. As such, there is no evidence to suggest that the attorney miscalculated the guideline range.

### 5. Failure to Establish the Defendant's "Position" in the Conspiracy

Fifth, Kennedy argues her attorney failed to establish the defendant's "position" in the alleged conspiracy. However, Kennedy admitted her position in the conspiracy at the plea hearing. Change of Plea Hr'g Tr. 24:2–24:19.

### 6. Failure to Mitigate or Challenge the Allegations of the Indictment

Sixth, Kennedy argues her attorney failed to mitigate or challenge statements made in the indictment and at sentencing. However, there is no evidence for this on the record. Again, Kennedy stated at the plea hearing that she was satisfied with her representation.

### 7. Failure to Investigate

Seventh, Kennedy argues her attorney failed to investigate all aspects, witnesses and circumstances of the case. Trial counsel has a duty to conduct a reasonable investigation or determine that such investigation is unnecessary. Strickland, 466 U.S. at 690-91. Kennedy does not specify how her counsel failed to investigate her case, and provides no information her counsel failed to discover. Thus, Kennedy's assertion that counsel failed to investigate lacks merit. In addition, Kennedy's guilty plea negated any need for further investigation.

### 8. Failure to Aggressively Invoke Any Legal Principles Stated In Recent Case Law and Guideline Rules

Eighth, Kennedy argues her attorney failed to aggressively invoke any legal principles stated in recent case law and guideline rules. This is not supported by the record. At the sentencing hearing, Kennedy's attorney argued that the Court should consider a lower criminal history category for the defendant and preserved the defendant's right to argue post-sentencing

that she should be subject to a lower five-year mandatory minimum sentence if the Fair Sentencing Act was applied retroactively. Sentencing Hr'g Tr. [Docket No. 216] 4:18-5:7, 7:3–7:18.

The Supreme Court decided in Dorsey v. United States, 132 S. Ct. 2321(2012) that the Fair Sentencing Act should be applied to offenders whose crimes preceded the effective date of the Act. But this decision does not effect Kennedy's sentence. Under the Fair Sentencing Act a ten-year mandatory is triggered by a 280 gram quantity. Id. at 2329. Kennedy admitted to being accountable for between 840 grams to 2.8 kilograms. Since quantity is not an element of the offense, but rather, is a sentencing factor, the ten-year mandatory minimum was correctly applied. See United States v. Olness, 9 F.3d 716, 717 (8th Cir. 1993). In addition, at the time Kennedy's attorney represented her, the ten year mandatory minimum was still applied in the Eighth Circuit and Kennedy's attorney appropriate noted for the Court the possibility of a change in the law. United States v. Sidney, 648 F.3d 904, 906 (8th Cir. 2011).

**9. Ineffective For Advising To Accept the Plea Agreement**

Ninth, Kennedy argues her attorney was ineffective for advising and insisting she accept the plea agreement. Kennedy's claim is without merit. Kennedy must show that there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). Kennedy has not done so.

**10. Manipulation of the Sentencing Guidelines by the Government to Secure a Higher Sentence than Appropriate**

Finally, Kennedy suggests that the government may have manipulated the Sentencing Guidelines to secure a higher sentence than appropriate. There is no support for this argument on the record. The Sentencing Guideline Range was determined by the law and the facts to which Kennedy pleaded guilty.

**C. Motion to Appoint Counsel**

Kennedy also requests that the Court appoint her counsel. It is well established that there is no right to counsel for federal prisoners collaterally challenging their convictions or sentences. See Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987); Pollard v. Delo, 28 F.3d 887, 889 (8th Cir. 1994) (citing Coleman v. Thompson, 501 U.S. 722, 752 (1991)). As a result, Defendant's motion to appoint counsel must be denied.

## IV. CERTIFICATE OF APPEALABILITY

A court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds there are no debatable issues presented and therefore declines to grant Kennedy a certificate of appealability.

## V.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Rena Lakina Kennedy's 28 U.S.C. § 2255 Motion [Docket No. 207] is **DENIED**.

2. Defendant Rena Lakina Kennedy's Motion to Appoint Counsel [Docket No. 208] is **DENIED**.

3. A certificate of appealability pursuant to 28 U.S.C. § 2253 shall not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  April 1, 2013.