# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

    v.                              **ORDER**
                                  Criminal No. 10-338(3) ADM

Rena Lakina Kennedy,

      Defendant.

___

Michael L. Cheever, Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Robert H. Meyers, Assistant Federal Defender, Minneapolis, MN, on behalf of Defendant.

___

      This matter is before the undersigned United States District Judge for a ruling on Defendant Rena Lakina Kennedy's ("Kennedy") Motion to Reduce Sentence Under the First Step Act [Docket No. 341]. Kennedy requests a reduction of her sentence under § 404 of the First Step Act ("FSA"). The Government opposes a reduction of Kennedy's sentence with its Motion to Dismiss [Docket No. 343]. For the reasons set forth below Kennedy's Motion is denied, and the Government's Motion to Dismiss is deferred.

      In December 2010, Kennedy and three co-defendants were indicted for conspiracy to distribute cocaine base. Indictment [Docket No. 1]. On March 21, 2011, Kennedy pled guilty to Count 1 of the Indictment, conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. Plea Agreement [Docket No. 121]. In the Plea Agreement, Kennedy admitted to being responsible for having conspired to distribute at least 840 grams of cocaine base. Kennedy also agreed she was subject to the mandatory minimum sentence of 10 years imprisonment. Id. at ¶¶ 4.a and 6.a. Kennedy's

applicable guideline range was 135 to 168 months imprisonment. Pre-Sentence Report ¶¶ 43-44, 53, 86. The Court varied downward and on July 19, 2011 Kennedy was sentenced to the 10 year minimum term. Sentencing Judgment [Docket No. 163].

Kennedy has just one minor disciplinary violation (failing to work as instructed), and she did not lose any good time credits as a result. She has held a number of jobs while incarcerated including food service, orderly, safety worker, and laundry. She has also engaged in prison programming, completing drug education and nonresidential drug treatment. Her education record includes GED classes (nearly 3,000 hours), as well as health, finance, parenting, and self-help classes. Kennedy was sent to a halfway house in November 2019. Kennedy served her sentence and, having earned good time credits, she was released from the halfway house on February 27, 2020. Kennedy has begun her term of supervised release.

The Fair Sentencing Act of 2010 reduced sentencing disparities between individuals convicted of crack cocaine crimes and those of powder cocaine crimes. 21 U.S.C. § 841(b)(1)(A)(iii). Section 2 of the Fair Sentencing Act increased the amount of crack cocaine needed to trigger the penalties of § 841(b)(1)(A) from 50 grams to 280 grams of crack and the penalties of § 841(b)(1)(B) from 5 grams to 28 grams. United States v. McDonald, 944 F.3d 769, 771 (8th Cir. 2019). When it was initially passed, Congress did not make the Fair Sentencing Act retroactive. Id. In 2018, Congress enacted the First Step Act. It states:

> A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010...were in effect at the time the covered offense was committed.

Pub. L. No. 115-391, § 404(b), 132 Stat. 5194. As is clear from the statute, relief pursuant to the

2

First Step Act is at the court's discretion.

Under the unique circumstances of the timing of Kennedy's Motion, the Court will assume without finding that the First Step Act applies because the practical effect of the decision is the same.[1] The Court finds that no purpose is served by a ruling on reducing Kennedy's sentence to time served because Kennedy is already on supervised release. Therefore, the only remaining issue is the length of her supervised release term. Kennedy's request to reduce her 5-year period of supervised release is denied because the Court has another mechanism for accomplishing reduction of her supervised release term if it becomes appropriate.

Based on her conduct in prison, Kennedy is an excellent candidate for later modification of conditions of supervised release. If Kennedy's post-release conduct shows good adjustment to a law-abiding lifestyle, the Court may reduce her term. 18 U.S.C. § 3583(e) ("The court may, after considering the factors set forth in section 3553 . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release.").

---

[1] The Government contends the Fair Sentencing Act of 2010 was in effect when Kennedy was sentenced, and that her 10 year mandatory minimum sentence was "in accordance with" that Act because she acknowledged at sentencing that she was being held accountable for more than 840 grams of cocaine base. Thus, the Government argues that the Court may not consider Kennedy eligible for a reduction under the First Step Act, according to § 404(c). Whether Section 404(c) of the First Step Act of 2018 precludes the Court from considering Kennedy's Motion need not be decided.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Rena Lakina Kennedy's Motion to Reduce Sentence Under the First Step Act [Docket No. 341] is **DENIED**;

2. The Government's Motion to Dismiss [Docket No. 343] is **DEFERRED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated: March 24, 2020